Ritch agt. Smith.

## COURT OF APPEALS.

WELLS R. RITCH, appellant, agt. JOHN B. SMITH, respondent.

*Principal and agent — Extension of mortgage debt by agent when unauthorized.*

An agent authorized to receive payment of interest accruing on a mortgage and to collect the principal, and who received a portion of the principal before it was due, is not authorized to extend the payment of the mortgage debt after it became due.

To uphold the granting of such extension the agent should have been specially authorized thereto, or it should appear that the act was embraced within the powers allowed to be performed or was ratified.

Where the plaintiff and agent were father and son residing in different states, the latter in the same city with those who were to make payments:

*Held*, that although this relationship might imply greater confidence in management and an easier disposition to ratify unauthorized acts, it does not imply an express prior authority to do unusual and undesirable acts.

While a principal is presumed to have notice of the acts performed by his agent in the usual course of his agency, such presumption does not extend to acts clearly not within the agency (*Affirming Same Case, ante*, 13).

*Arnoux, Ritch & Woodford*, for respondents.

*Blumensteil & Archer*, for appellants.

THE facts appear in the report of the case at special term (*See, ante*, 13). On appeal from the judgment rendered at special term the following opinion was rendered.

*First Department, General Term, March*, 1879.

PER CURIAM. — A careful examination of the evidence in this case has satisfied us that the learned judge erred in his finding in regard to the authority of Thomas G. Ritch to act for and on behalf of the plaintiff in this action in regard to the mortgage in controversy. We think that the evidence herein, in the absence of any testimony by the plaintiff on the subject, justifies the finding that on the 5th of September, 1873, the plaintiff, by his agent, Thomas G. Ritch, for a valuable consideration paid by the defendant Herman Steinert, then the owner of the mortgaged premises, agreed with said Herman Steinert, in writing, to extend the time for the payment of the principal sum secured by said bond and mortgage to November 1, 1875, and that if the agent had not full authority to make such a contract, it was subsequently ratified.

For these reasons we think a new trial should be granted, with costs to abide event.

On appeal from the decision of the general term granting a new trial the following opinion was rendered by the court of appeals.

*November*, 1880.

FOLGER, *Ch. J.*— It is not needful that we determine whether the respondent Smith is to be treated in equity as a surety, nor whether the arrangement between Mr. Ritch and Mr. Steinert was an extension of the time for payment. We are unable to find that Mr. Ritch had the authority to make an arrangement having that effect, or that if he did make such arrangement, it was ratified by the plaintiff. Mr. Ritch, in what he did, was the agent of the plaintiff. It does not

appear that he had an especial authority over the bond and mortgage.　He had charge of the plaintiff's interest in them. It does not appear that that interest was to have payment made of part before it was payable, and an extension given of the time of payment of the rest.　A charge of the plaintiff's interest was no more than to take good care of the papers, if in the agent's custody, to see that payments of the interest and principal were made as they became payable, and to remit the money when received, and to advise of non-payment, if payments were not regularly made, and to suggest the need to enforce collection, if such need arose.　It appeared that the plaintiff had personal custody of the mortgage from the time of the assignment of it to him until it was given to his attorneys for foreclosure, and that he had at that time the custody of the bond.　It is strongly urged that the agent had possession of the bond at the times respectively when payments were made upon it.　There is no direct proof of it. The agent, in testifying, says that he sent the mortgage to the plaintiff at Stamford, when he made the transfer of it to him.　He does not, in this connection, name the bond as having also been so sent.　It is argued from this that the bond was retained by the agent, and that the possession of it gave him seeming authority to take payment in advance. But it appears that the plaintiff had the bond in his possession at some time together with the mortgage, for he delivered them together to his attorneys for prosecution.　It also appears that the agent made no indorsement on the bond of the payments, but gave receipts and lent the money to the plaintiff, who credited it on the mortgage.　The inference would be forced that the agent had the bond in possession. It was doubtless in court at the trial, and had there been indorsements upon it of these payments in the writing of the agent, it would have appeared.　The most reasonable inference is that the plaintiff had possession of the bond, as well as of the mortgage, from the time of the transfer until they were handed over for suit.

There is not shown any direction from the plaintiff to the agent to collect money on them in anticipation of the day of payment named in them, or to extend the time of payment of the principal sum. On the contrary, the agent denies recollection of direction thereto. All that was expressed by the plaintiff to his agent was a willingness to take payment of money before it was payable. The agent testifies that he knew that he had no regular authority to make an extension of time. It is plain that the general authority of the agent did not permit an act of extension, and that there is not direct evidence of special authority therefor given in terms (*Smith* agt. *Kidd*, 68 N. Y., 130). It is claimed that the circumstances of the case are enough from which to imply express authority. The plaintiff and agent were father and son, residing in different states, the latter in the same city with those who were to make payment. This relationship may imply greater confidence in management, and an easier disposition to ratify unauthorized acts ; but we are not able to see that it implies an express prior authority to do unusual and undesirable acts. The plaintiff received the avails of the anticipated payments, and hence knew that they were made out of due time; but it was in pursuance of a prior willingness expressed, on a request to do so, which request gave no information of the desire or purpose of an extension of time of payment. And the fact that the agent sought from the plaintiff the consent to take payment of part before it was due, is against instead of for a prior authority to do that act or other act out of the usual course. The use by the agent, when a witness, of the phrases " no regular authority," " not to my recollection," and his statement of the reason given by Mr. Steinert for making payment before it was due, with the accompanying exception of that reason from the communication made by the agent to the plaintiff, are ingeniously reasoned upon by the learned counsel for the respondent; but no more is effected thereby than to excite suspicion ; there is not established a ground for reasonable inference.

Nor is there direct evidence of a ratification by the plaintiff of all the agent's acts. The plaintiff received the money, and he must be held to have sanctioned all that accompanied the payment of it, and that came to his knowledge but not that of which he was not informed. We have already shown how far the information to him went.

There is an entire absence of direct evidence of previous authority or subsequent intelligent ratification. If it be granted that these are circumstances that excite a suspicion that there was authority before, or information after the agent's act, they are not sufficient to create a reasonable probability thereof.

The judgment of the general term should be reversed, and that of the special term affirmed.

All concur.